IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV405-03-V
(3:03CR16-1-V)

| | |
|---|---|
| MICHAEL TORIANO MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed September 20, 2005; on the Government's Answer to Petitioner's Motion and Motion for Summary Judgment, (Document No. 5), and on Petitioner's Response to the Government's Motion (Document No. 10.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

A review of the record reveals that Petitioner was indicted by the Grand Jury for the Western District of North Carolina on January 29, 2003 for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. On the same day, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying the Petitioner that the Government would rely in sentencing on his prior conviction for two prior felony drug convictions.   On March 6, 2003 Petitioner and the Government entered into a plea agreement in which Petitioner plead guilty to the drug conspiracy count and acknowledged that the amount of

1

cocaine base for which he was individually responsible was 1.5 kilograms. Petitioner also agreed, as part of the plea agreement, that the applicable base offense level for purposes of the application of the United States Sentencing Guidelines was 38 and that he would be subject to a two-level enhancement for possession of firearms during the course of the conspiracy and a four-level enhancement based on his role in the offense as manager.

On March 7, 2003, Magistrate Judge Horn conducted a plea colloquy pursuant to Federal Rule of Criminal Procedure 11. During the colloquy, Judge Horn recited the elements of the offense to which Petitioner was pleading guilty and informed him that the maximum penalty was mandatory life imprisonment. Petitioner stated that he understood the elements of the offense and the penalties he faced and that he was, in fact, guilty of the offense to which he was pleading guilty. Government counsel recited the terms of the plea agreement, including the Sentencing Guidelines offense level and enhancements to which the parties agreed, and Petitioner stated that he had consulted with counsel and that he was fully satisfied with the services of his counsel.

In preparation for Petitioner's sentencing hearing, the Probation Office prepared a Presentence Report ("PSR") on May 27, 2003. As stipulated by the parties in the plea agreement and based on the quantity of cocaine base for which Petitioner admitted responsibility, the Probation Officer calculated a base offense level of 38 and increased that offense level by two levels for possession of a dangerous weapon and by four levels based on Petitioner's role in the conspiracy as manager, resulting in an adjusted offense level of 44. The Probation Officer then reduced Petitioner's offense level by three levels for acceptance of responsibility, resulting in a total offense level of 41. Based on Petitioner's prior felony convictions, the Probation Officer determined that Petitioner was a career offender, but noted that the adjusted offense level of 44 was higher than that applicable under the

career offender guideline, resulting in a Guideline range of imprisonment of 360 months to life. The Probation Officer also noted, however, that the statutorily prescribed term of imprisonment, because of Petitioner's prior felony drug trafficking convictions, was life imprisonment.

On August 19, 2004 Petitioner appeared before this Court for sentencing. During the hearing, Petitioner re-affirmed that he understood the charge against him as well as the applicable penalties, that he was guilty of the offense to which he had plead guilty and that he was satisfied with the representation of his attorney. Petitioner's counsel stated that Petitioner would stipulate to the facts as set forth in the PSR and Petitioner assured the Court that he had gone over the PSR carefully and in detail with his attorney. Government counsel then recited the prior felony convictions upon which the § 851 notice was premised and Petitioner affirmed that he had been convicted as noted. The Government then withdrew the § 851 notice, requesting that the Court sentence Petitioner to a range of imprisonment between 360 months and life imprisonment.[1] The Court then sentenced Petitioner to 360 months imprisonment to be followed by five years of supervised release.[2] This Court entered its judgment on September 22, 2004 and Petitioner did not appeal.

On September 22, 2005 Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective because Petitioner was advised by counsel that he faced life imprisonment based on two predicate convictions but that this advise was in error because one of the convictions was

---

[1] The sentencing transcript clarifies that the Government withdrew the § 851 notice, not because the Government could not establish the two predicate felony offenses, but in an effort to take Petitioner's sentence out of the life imprisonment category given that the Government was unable to make a 5K.1. departure motion due to Petitioner's cooperation efforts not being what the Government expected. (Sentencing Transcript at 4-9.)

[2] The Court initially sentenced Petitioner to ten years of supervised release following his term of imprisonment, but changed the supervised release term to five years in light of the Government's withdrawal of the § 851 notice.

obtained when Petitioner was a juvenile and did not result in a sentence of imprisonment exceeding one year and one month. Petitioner argues that had it not been for the threat of the § 851 notice and required statutory term of life imprisonment, Petitioner would not have plead guilty.

Petitioner's counsel, Mr. Peter Anderson, submitted an affidavit in response to Petitioner's allegations in which Mr. Anderson stated that after discussing the facts of the case with Petitioner, Petitioner stated that he would rather plead than go to trial, noting that he had two prior drug felonies. Mr. Anderson stated that he explained to Petitioner that his prior felonies were "likely to result in a mandatory minimum of life imprisonment if he were to plead guilty," to which Petitioner responded that he wanted to plead guilty and provide substantial assistance, confident that he would qualify for a sentencing reduction. (Peter Anderson Affidavit ¶ 3.)

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the government's motion for summary judgment should be granted and Petitioner's Motion to Vacate should be dismissed. That is, the Court finds that the instant record makes it clear that counsel was not deficient.

## II. ANALYSIS

### 1. Ineffective Assistance of Counsel

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985);

Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and

5

convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).  Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea.  United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent.  A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption.  And the presumption is not overcome by conclusory allegations.  Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983).  Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief.  Petitioner claims that his counsel was ineffective for incorrectly advising him that he faced life imprisonment based on two predicate convictions.[3] [4] Petitioner contends that this information was incorrect because one of the convictions was obtained when Petitioner was a juvenile and did not result in a sentence of imprisonment exceeding one year

---

[3] In connection with this specific claim of ineffective assistance of counsel, Petitioner also claims that his guilty plea was not voluntarily entered into because his attorney incorrectly advised him that he faced life imprisonment.  Because this is essentially the same claim, the Court will address it all in the context of ineffective assistance of counsel.

[4] In his opposition to the Government's Motion for Summary Judgment, Petitioner raises claims of ineffective assistance of counsel not raised in his Motion to Vacate.  The Court will not consider these new claims of ineffective assistance of counsel raised for the first time in Petitioner's Opposition to the Government's Motion for Summary Judgment except to the extent that Petitioner raises the claim that his attorney failed to file an appeal on his behalf.  This claim is directly refuted by the evidence submitted by the Government which includes documents between Petitioner, his counsel and Petitioner's father, which reflect that Petitioner, after consultation with his father, elected not to file an appeal. (See Attachments A-C to Anderson Affidavit, attached to Government's Motion for Summary Judgment.)

and one month. Petition contends that if it had not been for the threat of the § 851 notice and required statutory term of life imprisonment, Petitioner would not have plead guilty.

Petitioner is confused regarding the requirements for predicate offenses pursuant to 21 U.S.C. § 841 and predicate offenses pursuant to career offender status. In support of his argument Petitioner relies on the Fourth Circuit's decision in United States v. Mason. In Mason, the Fourth Circuit held that in order to be considered an adult conviction for purposes of career offender status, if the conviction is more than five years old, the defendant must have received an adult sentence of at least one year and one month. Id. at 560.

In relying on Mason, however, Petitioner ignores the fact that his Guideline sentence was not premised on his status as career offender,[5] but rather, on the stipulations he made in his plea agreement, in which he specifically agreed to a base offense level of 38 and six levels of enhancements based on his possession of firearms during the course of the conspiracy and his leadership role in the conspiracy. His admissions to drug quantity, firearm possession and role in the offense generated his Guideline range, not his career offender status. Additionally, Petitioner's reliance on Mason ignores the fact that his prior felony convictions were not more than five years old, therefore, consistent with the holding in Mason, U.S.S.G. § 4A1.2(d)(2) applies. Pursuant to 4A1.2(d)(2) an offense committed prior to age eighteen which resulted in an adult or juvenile sentence imposed within five years of the

---

[5] In fact, because Petitioner's adjusted base offense level was higher than that of the base offense level for a career offender, Petitioner's adjusted offense level agreed to in his plea agreement, level 41, was used to determine Petitioner's guideline sentence and not the offense level for career offender status. However, the Court notes that Petitioner's criminal history points prior to career offender status was 4 points or category III which bumped up to category VI taking career offender status into account. However, the guideline range for a adjusted base offense level of 41 is the same for criminal history category of III through criminal history category VI - 360 to life. Petitioner received a sentence of 360 months imprisonment.

defendant's commencement of the instant offense may be counted as one point under 4A1.1(c). This is exactly how the probation officer calculated Petitioner's criminal history. (See PSR at 9-10.)

The requirements for a predicate offense pursuant to 21 U.S.C. § 841 are different than those supporting career offender status. A felony drug offense pursuant to 21 U.S.C. § 841(b)(1)(A) is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or a state of a foreign country that prohibits or restricts conduct relating to narcotic drugs . . . " 21 U.S.C. § 802(44). The North Carolina Controlled Substances Act makes clear that possession with intent to sell or deliver cocaine is a felony offense punishable by more than one year. N.C. Gen. Stat. § 90-95. The fact that Petitioner was sentenced to less than one year in prison for his North Carolina State offense is immaterial, because § 802(44) refers to offenses "punishable" by more than one year imprisonment. United States v. Campos, 163 Fed. Appx. 232 4th Cir. 2006). Therefore, Petitioner's predicate offenses of possession with intent to sell or deliver cocaine were appropriately considered as predicate offenses pursuant to 21 U.S.C. § 841 of which he received notice pursuant to 21 U.S.C. § 851. Petitioner then was accurately advised by his counsel and the Court that he faced a term of life imprisonment due to his predicate felony drug offenses even though he committed the offenses under the age of eighteen and served less than one year and one month in prison. The Court is satisfied that the Petitioner's counsel was not ineffective for advising Petitioner that he faced a term of life imprisonment due to his prior felony drug offenses and that despite Petitioner's current dissatisfaction with his counsel's performance, Petitioner has failed to establish the two prong test, outlined in Strickland, necessary to state a claim for relief in connection with his allegations of ineffective assistance of counsel

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate (Document No. 1) is **DISMISSED.**

**SO ORDERED.**

Signed: August 7, 2006

Richard L. Voorhees
United States District Judge